IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUNCAN INTERIORS, INC. d/b/a § <br> DUNCAN MILLER ULLMANN, § <br> § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:12-CV-4804-D <br> VS. § <br> § <br> DESIGN 11 STUDIO, LLC d/b/a § <br> STUDIO 11 DESIGN, et al., § <br> § <br> Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants move anew to dismiss under Fed. R. Civ. P. 12(b)(6). The court declines to reach the motion and, in accordance with the intentions stated in a prior order, remands the case to county court.[*]

In a prior order in this case, the court denied the motion to remand of plaintiff Duncan Interiors, Inc. ("Duncan") on the basis that it had asserted in its state-court petition a federal-question claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Feb. 14, 2013 Order 1-2. The court then considered and granted defendants' motion to dismiss under Rule 12(b)(6), concluding that Duncan's petition failed to state a claim on which relief

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

could be granted. *Id.* at 2. Because Duncan filed the case in county court, under the pleading standards that govern in that forum, the court granted it leave to replead under the federal pleading standards. *Id.* In doing so, "[t]he court advise[d] the parties that, if Duncan drops the CFAA claim when amending and asserts only state-law claims, this court will likely remand the case to county court." The court also noted that it "almost invariably remands removed cases where it lacks diversity jurisdiction and the federal-question claims drop out early in the case." *Id.*

Defendants have moved again to dismiss Duncan's amended complaint under Rule 12(b)(6). But any federal-law claims have dropped out the case, because Duncan's first amended complaint alleges only the state-law claims of negligence, misappropriation of trade secrets, and conversion. Because the parties are not diverse citizens, the court has the discretion to remand the case. *See, e.g., Burnett v. Petroleum Geo-Services, Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction). To determine whether to exercise jurisdiction or to remand, the court balances "the statutory factors set forth by 28 U.S.C. § 1367(c)," "the common law factors of judicial economy, convenience, fairness, and comity," and the threat of "improper forum manipulation." *Burnett*, 2013 WL 1723011, at *5 (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)). Because the court lacks diversity jurisdiction, only state-law claims remain, and the federal claim has dropped

out early in the case, the court exercises its discretion to remand the case to county court.

Accordingly, this case is remanded to Dallas County Court at Law No. 3 of Dallas County, Texas.  The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

April 30, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE